MINNIE J. THIELEN v. S. H. RANDALL.

January 24, 1899.

Nos. 11,430—(255).

### Action to Cancel Mortgage—Want of Consideration—Error to Exclude Evidence.

Certain loan agents received the money of defendant, to be loaned for him. H. applied for a loan. They agreed to loan him this money, and procured him to sign a note and mortgage to defendant for the same. They sent the note and mortgage to defendant, but never paid the money over to H. In an action to cancel the note and mortgage on the ground that they were never delivered and were without consideration, *held*, it was error to exclude evidence offered by defendant to prove that the agents were also acting as the agents of one T. in another transaction, and that H. directed the money to be applied by such agents for the benefit of T. in that transaction, as this evidence would tend to prove that the agents had ceased to hold the money as the agents of defendant, and held it thereafter as the agents of T., by H.'s direction.

Harmless Error.

> But *held*, the error became error without prejudice, by reason of subsequent testimony, which proved conclusively that the agents had converted the money to their own use before H. applied for the loan.

From an order of the district court for Hennepin county, Simpson, J., denying a motion for a new trial, defendant appealed. Affirmed.

*Fred W. Reed*, for appellant.

*George R. Smith* and *James D. Shearer*, for respondent.

CANTY, J.

This action was brought to restrain the foreclosure of a mortgage from plaintiff to defendant, and to cancel said mortgage, on the ground that it was never delivered, and that there never was any consideration for it. On the trial the court found for plaintiff, and, from an order denying a new trial, defendant appeals.

One Howling applied to the firm of A. F. & L. E. Kelley, loan agents at Minneapolis, for a loan of $1,000 on a certain city lot owned by Howling. The Kelleys agreed to procure the loan for him from defendant, and, at their request, Howling signed a promissory note to defendant for $1,000, and also signed the mortgage here in question, by the terms of which he mortgaged said lot to defendant, to secure said note. The Kelleys put the mortgage on record, and, after it was recorded, sent it and the note to defendant, at his residence in Massachusetts, but never paid over the money agreed to be loaned, or any part of it.

Howling continued to call at Kelleys' office every few days for several months, to see if they were ready to complete the making of the loan; but they put him off with one excuse or another, until they made an assignment in insolvency for the benefit of their creditors. Thereafter defendant proceeded to foreclose the mortgage under the power of sale therein contained. In the meantime Howling had conveyed the lot to plaintiff.

The Kelleys had acted as agents for defendant for many years in loaning his money. A few weeks before Howling applied for this loan, they collected the money due on two of defendant's loans, amounting to $1,000, and retained it in their hands to loan it again

for him. When the note and mortgage signed by Howling was sent by the Kelleys to defendant, they represented to him that it was taken to secure a loan which they had made of said $1,000.

Defendant offered to prove that, at the time Howling applied for the loan, his son-in-law, one John Thielen, was the owner of four other lots and the houses thereon, all of which were incumbered with a mortgage for $6,000, and that Thielen resided in one of the houses on one of these lots; that, shortly prior to this time, he entered into an agreement with the Kelleys, whereby they agreed to pay all the taxes due on these lots, to procure for him a release from this mortgage of the lot on which he resided, and whereby he agreed to execute to them a first mortgage on that lot for $1,500, a second mortgage on it for $375, pay them in cash $1,000, and convey the other three lots to them; that, in order to obtain the $1,000 in cash to pay to the Kelleys, Thielen procured Howling to apply to the Kelleys for the loan on his lot, and Howling directed them to apply the $1,000 to be loaned to him, for Thielen's benefit in carrying out the deal between him and them.

The trial court refused to permit defendant to prove this offer by the cross-examination of plaintiff's witnesses. Defendant proved a part of the offer by evidence given on the defense, and the court refused to permit him to prove the rest of the offer at all. In our opinion, the court erred in all of these rulings.

There was no consideration for the Howling mortgage, unless defendant paid over the money agreed to be loaned. In fact, the mortgage could not be considered as delivered until the money was so paid over, as the delivery of the mortgage and the paying over of the money loaned were intended to be contemporaneous, and one was conditioned on the other. If the Kelleys acted in no capacity except as agent for defendant, then the money to be loaned would not be paid over until they actually paid it to Howling or to Thielen, to whom Howling admits that he directed it to be paid. But if the Kelleys were acting also as the agent of Thielen to disburse the money for his benefit, and Howling had directed it to be disbursed for Thielen's benefit, then those facts would tend to prove that the Kelleys had ceased to hold the money as the agents of defendant, and held it thereafter as the agent of Thielen, by direc-

tion of Howling. But, by reason of evidence which was subsequently introduced, these errors of the court became error without prejudice.

It was conclusively proved that, when the Kelleys received the $1,000 paid on the former loans made by defendant, they deposited the money to their credit in the bank, in their account therein. This account had already been overdrawn, was overdrawn at the time Howling applied for the loan, and continued thereafter to be overdrawn until the time the Kelleys made the assignment for the benefit of their creditors. Then the Kelleys converted this money to their own use, by paying it to the bank on their indebtedness to it, and therefore they never could have received it or held it as the agents of either Howling or Thielen.

This disposes of the case, and the order appealed from is affirmed.